**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

NICOLAS CORONEL,

                    Petitioner,

     - against -

UNITED STATES OF AMERICA

                    Respondent.
-------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

**12 Civ. 8673  (SAS)**

**99 CR 1113-04 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

> Pro se petitioner Nicolas Coronel has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("section 2255"), challenging the constitutionality of the conviction and sentence imposed in *United States v. Coronel*, No. 99 CR 1113-04 (SAS).  Petitioner's section 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  In a Judgment and Conviction ("J&C"), dated and docketed on September 7, 2011, petitioner was convicted of one count of aiding and abetting the use of a firearm in an armed robbery and murder, one count of armed robbery, and one count of conspiracy to commit robberies.[1]  Petitioner was sentenced to an aggregate term of

---

[1]     On February 2, 2011, petitioner pled guilty to counts one, two and three of the S9 Superseding Information before Magistrate Judge Frank Maas which was accepted by this Court on April 28, 2011.  *See* Docket Entry # 244 in case number 99 CR 1113-04 (SAS).

ninety-six months of imprisonment, to be followed by an aggregate term of three years of supervised release.[2] Petitioner did not appeal his conviction.

Petitioner's conviction became final on September 21, 2011, fourteen days after the entry of the J&C, when his time to file a notice of appeal expired.[3] Under section 2255(f)(1), petitioner had until September 21, 2012 – one year from the date his conviction became final – to file a timely section 2255 motion. Yet, the envelope containing the section 2255 motion sent to the Court is postmarked November 23, 2012. Petitioner's section 2255 motion was filed four days later, on November 27, 2012, more than two months after the expiration of the one-year limitations period.

Petitioner attempts to excuse the late filing of his section 2255 motion on the ground that he thought he needed permission from this Court before he could file such a motion. In his 1/14/13 Affirmation for Timeliness, petitioner states:

> In August 2012, I decided that I wanted to file a motion under 28 U.S.C. § 2255. Because the plea agreement contains a § 2255 waiver, I thought is was necessary to ask the Court for permission to file a motion. At the time, I did not understand that the question of whether or not the

---

[2]    *See id.*

[3]    *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *see also* Fed. R. App. Proc. 4(b)(1)(A)(i) (fourteen-day period to file a notice of appeal in a criminal action).

> waiver would be enforceable is something that would be
> addressed after a motion was filed. . . . I never received a
> response from the Court. I delayed filing a motion because
> I thought I first had to hear back from the Court.

Petitioner's mistaken belief that he needed permission from this Court before he

could file his section 2255 motion is not the sort of circumstance that would justify

equitable tolling.

The Supreme Court has held that AEDPA's one-year limitations

period is subject to equitable tolling.[4] The Supreme Court has "previously made

clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing."[5] The burden is on the

petitioner to show that extraordinary circumstances prevented him from timely

filing the petition.[6] To meet the extraordinary circumstances standard, a petitioner

must prove that the cause of his delay was " both beyond his control and

---

[4]   *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  Prior to *Holland*, the Second
Circuit held that 28 U.S.C. § 2244(d) is subject to equitable tolling. *See Smith v. McGinnis*, 208
F.3d 13, 17 (2d Cir. 2000) (per curiam) (joining its sister circuits that have considered this issue
and "uniformly have held that the one-year period is a statute of limitations rather than a
jurisdictional bar so that courts may equitably toll the period").

[5]   *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[6]   *See Martinez v. Kuhlmann*, No. 99 Civ. 1094, 1999 WL 1565177, at *3 (S.D.N.Y. Dec. 3,
1999).

unavoidable even with diligence."[7]  For example, "difficulty in gaining library access, prison lockdowns, [petitioner's] lack of legal training, poor eyesight, and transfers to various prisons" fail to meet the requisite extraordinary circumstances.[8]

Here, petitioner has not shown that he acted with reasonable diligence. If petitioner were diligent, he would have filed his section 2255 motion in August 2012, when he decided to file such a motion.  Nothing beyond petitioner's control prevented him from filing a timely motion.  Rather, it was petitioner's own mistaken beliefs that caused the delay in filing.  Under these circumstances, equitable tolling is not warranted and petitioner's section 2255 motion must be dismissed as time-barred.[9]

---

[7]    *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *Accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate."); *Fennell v. Artuz*, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (holding that equitable tolling is not warranted when based on excuses common among prisoners, such as lack of education and lack of familiarity with legal research).

[8]    *Atkins v. Harris*, No. 98 Civ. 3188, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999).

[9]    Even if the motion were not dismissed as time-barred, it would likely be dismissed because of the plea agreement's section 2255 waiver provision. The Second Circuit has repeatedly held that waivers of the right to directly appeal and/or collaterally attack a sentence under section 2255 are typically valid and enforceable. *See, e.g., United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005); *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam) ("It is by now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable.").

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.[10]  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.[11]  The Clerk of the Court is directed to close petitioner's section 2255 motion in case number 99 CR 1113 and close case number 12 Civ. 8673.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            January 30, 2013

---

[10]   *See* 28 U.S.C. § 2253

[11]   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

## - Appearances -

**Petitioner (Pro Se):**

Nicolas Coronel
# 63879-054
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

**For the Government:**

Marissa Molé
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2275

6