

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

NICOLAS CORONEL,

               Petitioner,

     - against -

UNITED STATES OF AMERICA

               Respondent.
------------------------------------------------------- X

MEMORANDUM
OPINION AND ORDER

12 Civ. 8673 (SAS)

99 CR 1113-04 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

        Pro se petitioner Nicolas Coronel moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"), challenging the constitutionality of the conviction and sentence imposed in *United States v. Coronel*. In a Memorandum Opinion and Order dated January 31, 2013, this motion was dismissed as time-barred.[1] Petitioner now brings a Motion to Alter or

---

[1] *See Coronel v. United States*, Nos. 12 Civ. 8673, 99 CR 1113, 2013 WL 373166, at *1 (S.D.N.Y. Jan. 31, 2013) (the "Order"). Even if petitioner's section 2255 motion were not dismissed as time-barred, it would likely have been dismissed because of the plea agreement's section 2255 waiver provision. The Second Circuit has repeatedly held that waivers of the right to directly appeal and/or collaterally attack a sentence under section 2255 are typically valid and enforceable. *See, e.g., United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005); *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam) ("It is by now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable.").

Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Motion to Amend"). For the following reasons, the Motion to Amend is denied.

## I. LEGAL STANDARD

A motion to alter or amend under Rule 59(e) is appropriate only if the moving party establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct clear error or prevent manifest injustice.[2] Whether to grant a Rule 59(e) motion to alter or amend judgment is "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion."[3]

## II. DISCUSSION

According to petitioner, the Order finding equitable tolling inapplicable to petitioner's late filing of his section 2255 motion must be reconsidered in order to prevent a manifest injustice.[4] Petitioner argues for

---

[2] *See Virgin Atl. Airways. Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

[3] *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

[4] *See* Motion to Amend at 2.

reconsideration on two grounds: (1) diminished mental capacity; and (2) limited English proficiency.[5] As shown below, both grounds are unavailing.

### A. Petitioner's Mental Impairment

In general, equitable tolling may be appropriate "where a plaintiff's medical condition or mental impairment prevented [him] from proceeding in a timely fashion."[6] However, "the mere fact that a habeas petitioner 'suffered with physical and mental ailments during the one-year period is insufficient to toll the one-year time period; [the petitioner] must show that these medical problems rendered him unable to pursue his legal rights during the relevant time period.'"[7] Petitioner's conclusory and vague claim of diminished mental capacity – "without a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights – is manifestly insufficient to justify any further inquiry into tolling."[8] Because petitioner has

---

[5] *See id.* at 3 (stating that "petitioner's mental impairments and limited language proficiency can be reasonably viewed as extraordinary circumstances that stood in the way of proper and timely filing").

[6] *Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003).

[7] *Williams v. Breslin*, No. 03 Civ. 1848, 2004 WL 2368011, at *9 (S.D.N.Y. Oct. 20, 2004) (quoting *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 169-70 (S.D.N.Y. 2000)).

[8] *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

failed to provide any objective evidence of how his mental disability was causally related to his failure to timely file, his mental impairment does not provide a basis for equitable tolling or reconsideration of this Court's Order denying the petition.[9]

### B. Petitioner's Lack of Proficiency in English

Petitioner's argument regarding his inability to understand English fares no better. "An inability to speak or understand English has consistently been rejected by courts in this Circuit as a basis to equitably toll the statute of limitations."[10] This well-established rule has its roots in *Diaz v. Kelly*,[11] where the

---

[9] *See Taffinder v. New York*, No. 10–CV–5963, 2012 WL 2318286, at *3 (E.D.N.Y. June 19, 2012) (citing, *inter alia*, *Victorial v. Burge*, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) (petitioner's bipolar disorder did not warrant equitable tolling where petitioner failed to demonstrate that the illness "affected his ability to act with due diligence during the time period at issue" or was causally connected to his failure to timely file his petition); *Lee v. Superintendent, Attica Corr. Facility*, No. 05–CV–5706, 2006 WL 229911, at *2 (E.D.N.Y. Jan. 31, 2006) ("[P]etitioner's allegations do not demonstrate that these health problems rendered him unable to pursue his legal rights during the one-year limitations period."); *Williams v. Phillips*, No. 02 CV 5882, 2005 WL 1072711, at *2 (E.D.N.Y. Apr. 29, 2005) (petitioner's claim of mental impairment and proof that medical tests were conducted during the relevant time period did not constitute adequate evidence of a "disabling condition" warranting equitable tolling); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 173 (S.D.N.Y.2000) ("[A] petitioner must allege more than the mere existence of physical or mental ailments to justify equitable tolling. A petitioner has the burden to show that these health problems rendered him unable to pursue his legal rights during the one-year time period.") (collecting cases)).

[10] *Diaz v. Brown*, No. 10-CV-0457, 2011 WL 677476, at *3 (W.D.N.Y. Feb. 16, 2011). *Accord Romero v. Ercole*, No. 08–CV–4983, 2009 WL 1181260, at *3 (E.D.N.Y. Apr. 30, 2009) (rejecting equitable tolling based on petitioner's lack of English language proficiency); *Bowman v. Walsh*, No. 07–CV–3586, 2007 WL

Second Circuit first considered whether language deficiency could qualify as an extraordinary circumstance warranting equitable tolling.

The Second Circuit explained that

> the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with [the one-year] limitations period. For the prisoner who cannot read English, the obstacle is undoubtedly serious, just as it would be for a prisoner speaking only English incarcerated in a non-English-speaking country, and can, in some circumstances, justify equitable tolling.[12]

The court clarified, however, that "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency."[13] In *Diaz*, there was "no allegation of any efforts to contact anyone outside the prison who might assist in making [petitioners] aware, in their language, of legal requirements for filing a habeas corpus petition, nor what efforts were made to learn of such requirements within their places of confinement."[14] The court thus held that the rejection of

---

2815711, at *2 (E.D.N.Y. Sept. 25, 2007) (collecting cases).

[11] 515 F.3d 149 (2d Cir. 2008).

[12] *Id.* at 154 (citations omitted).

[13] *Id.*

[14] *Id.*

equitable tolling by the district court was proper.[15] Here, too, petitioner's lack of English language skills supports neither equitable tolling nor reconsideration of the Order.

## III. CONCLUSION

Petitioner's Motion to Amend is denied for the reasons stated above. The final issue is whether this Court should issue a Certificate of Appealability (COA"). For a COA to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."[16] A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely that "reasonable jurists could debate whether . . .the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[17] Petitioner has made no such showing. Accordingly, this Court declines to issue a Certificate of Appealability. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

---

[15] *See id.*

[16] 28 U.S.C. § 2253(c)(2).

[17] *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983) (quotation marks and citations omitted)). *Accord Middleton v. Attorneys Gen. of the States of New York and Pennsylvania,* 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

Memorandum Opinion and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of appeal.[18] The Clerk of the Court is directed to close petitioner's Motion to Amend (Docket Entry # 7 in case number 12 Civ. 8673; Docket Entry # 260 in case number 99 CR 1113).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         February 27, 2013

---

[18] *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

## - Appearances -

**Petitioner (Pro Se):**

Nicolas Coronel
# 63879-054
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

**For the Government:**

Marissa Molé
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2275